UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 20-72-DLB

RAINER TRIEM, et al.                                                                    PLAINTIFFS

v.                         MEMORANDUM OPINION AND ORDER

UNIPER GLOBAL COMMODITIES, SE, et al.                                 DEFENDANTS

*** *** *** ***

This matter is before the Court upon the Motion to Dismiss filed by Defendant Uniper Global Commodities, North America, LLC (Doc. # 14). In addition, Plaintiffs Sotaco LLC and Sotaco Inc. Ltd. have filed Motions to Withdraw Claim (Docs. # 21 and 22) and Plaintiff Rainer Triem has filed a Motion for Default Judgment (Doc. # 31). For the reasons that follow, Defendant's Motion is **granted** and Plaintiffs' Motions are **denied**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case is largely summarized in the Court's opinion in a similar case involving many of the same parties. *See Greanex LLC, et al. v. Triem, et al.*, No. 7:20-cv-00036 (E.D. Ky. 2020), ECF No. 31. Put briefly, Plaintiffs Rainer Triem and two entities under his control, Sotaco LLC and Sotaco Inc., were involved in a joint venture with Defendants Uniper Global Commodities SE ("UGC SE") and Uniper Global Commodities North America, LLC ("UGC NA" and collectively "Uniper"). As part of the joint venture, the parties formed a corporation called Greanex in order to extract commercially usable coal from piles of waste coal, known as gob piles. (Doc. # 1 ¶ 1). When the joint venture failed, Uniper brought suit against Triem and the Sotaco entities

1

in this Court, alleging a series of fraudulent schemes by Triem to raid Greanex of millions of dollars. *See Greanex LLC, et al. v. Triem, et al.*, No. 7:20-cv-36 (E.D. Ky. 2020). As part of that lawsuit, Uniper brought claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as state-law claims of fraud, breach of contract, and breach of fiduciary duty, among others. *See id.* at ECF No. 1. That case remains pending.

Two months after being sued by Uniper, Triem and the Sotaco entities returned the favor by filing the instant lawsuit against Uniper as well as many of its corporate officers. (Doc. # 1 ¶¶ 10-17). As was the case in the lawsuit filed by Uniper, Triem and the Sotaco entities have appeared pro se. In their Complaint, Plaintiffs copy many of the claims asserted by Uniper, including fraud (Count I), conspiracy to violate RICO (Count II), breach of fiduciary duty (Count III), aiding and abetting breaches of fiduciary duty (Count IV), unjust enrichment (Count V), and breach of contract (Count VI). (*Id.* ¶¶ 48-64). Counts I, II, and III are brought against all Defendants; Count IV is brought against the corporate officer defendants; Count V is brought against UGC SE; and Count VI is brought against UGC SE and UGC NA. (*Id.*).

UGC NA has moved to dismiss all the claims against it. UGC NA argues that Plaintiffs have failed to state a claim upon which relief can be granted and that the Sotaco entities, as non-natural persons, may not appear pro se. (Doc. # 14). While Triem opposes the Motion, (Doc. # 17), the Sotaco entities do not, and have moved to withdraw their claims, (Docs. # 21 and 22). UGC NA's Motion to Dismiss is fully briefed, (*see* Doc. # 19), and is ripe for the Court's review. In addition, after the filing of the Motion to Dismiss by UGC NA, Triem voluntarily dismissed the corporate officer defendants, leaving only

2

UGC SE and UGC NA as defendants. (Doc. # 26). Finally, Triem has moved for default judgment against UGC SE, claiming that it failed to timely respond to the Complaint after being served. (Doc. # 31). UGC SE has filed a response in opposition, in which it claims that it was not properly served. (Doc. # 32). Triem has not filed a reply, and the deadline for doing so under the local rules has now expired. Accordingly, the Motion for Default Judgment is also ripe for the Court's review.

## II.    ANALYSIS

### A.    UGC NA's Motion to Dismiss

UGC NA's Motion to Dismiss will be granted in its entirety. As an initial matter, the claims brought by Sotaco Inc. and Sotaco LLC must be dismissed because those entities are not represented by counsel. It is well-established that a non-natural person may not appear in federal court without counsel. *See* 28 U.S.C. § 1654; *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Furthermore, Triem may not appear on behalf of the Sotaco entities as their president. "A corporate officer may not appear in federal court on behalf of the corporation; rather, the corporation must be represented by counsel." *SEC v. Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012) (citing *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 603 (6th Cir. 2005)). "[T]he appropriate remedy is to invalidate the actions taken by the non-lawyer in federal court." *RSI, LLC v. Nationwide Mut. Ins. Co.*, 5:19-cv-341, 2019 WL 5399501, at *2 (E.D. Ky. Oct. 22, 2019). Accordingly, the claims brought pro se by the Sotaco entities will be dismissed.[1] *See id.*

---

[1]    Because these claims are dismissed, Sotaco LLC's and Sotaco Inc's Motions to Withdraw Claims (Docs. # 21 and 22) are **denied as moot**.

3

The claims brought by Triem against UGC NA will also be dismissed. In Count I, Triem alleges vaguely that Uniper used "wrong and manipulated" quantity reports as a predicate to getting out of the coal business and as a way of placing blame on Triem for the failure of the joint venture. (Doc. # 1 ¶¶ 36-39, 46). As Defendants correctly argue, this allegation is insufficient to meet the heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b). Under Rule 9(b), a fraud allegation must, at a minimum, identify the "time, place, and content of the alleged misrepresentation." *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 504 (6th Cir. 2007) (internal quotation marks omitted). The Complaint does none of these things. Accordingly, Triem's fraud claim against UGC NA (Count I) is **dismissed**.

Triem's allegation that Defendants conspired to violate RICO (Count II) is similarly conclusory and insufficient to state a claim for relief. (*See* Doc. # 1 ¶ 52). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although Triem's Complaint includes various factual allegations, it is unclear how they relate to his RICO claim. Regardless, Triem's RICO claim fails because it alleges a conspiracy between two members of the same corporate family—UGC SE and its corporate affiliate, UGC NA. "Under the 'non-identity' or 'distinctness' requirement [of RICO], a corporation may not be liable under section 1962(c) for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members." *Davis v. Mutual Life Ins. Co.*, 6 F.3d 367, 377 (6th Cir. 1993). Thus, Triem's RICO claim against UGC NA (Count II) is also **dismissed**.

Triem's breach of fiduciary duty claim fares no better. As part of this claim, Triem alleges that Uniper ignored Greanex's need for increased capital and concealed Greanex's financial situation from Triem, who was then president of the company. (Doc. # 1 ¶¶ 38-39). As a consequence, Triem alleges that Greanex lost out on the chance to obtain much needed capital and "a long-term finance strategy [for Greanex] was never implemented." (*Id.* ¶ 39). The Complaint also alleges that Uniper made poor business choices that resulted in large financial losses, such as rejecting an offer to sell coal to a local buyer for approximately double the price that Greanex was then selling its coal. (*Id.* ¶¶ 40-42).

A claim for breach of fiduciary duty has three elements: "1) the existence of a fiduciary duty; 2) a breach of that duty; 3) and that the breach caused injury to the party to whom the duty was owed." *Seeger Enters. v. Town & Country Bank & Tr. Co.*, 518 S.W.3d 791, 795 (Ky. Ct. App. 2017). Here, Triem has failed to plead the first element. Unlike Sotaco LLC, which could conceivably be owed a fiduciary duty as a shareholder of Greanex, Triem has not alleged a fiduciary relationship between himself and any of the Defendants. Triem also fails to respond to Defendant's argument that its business decisions are presumed reasonable under the business judgment rule. (Doc. # 14 at 13). "The business judgment rule is a presumption that in making a business decision, not involving self-interest, the [fiduciaries] of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Allied Ready Mix Co., Inc. ex rel. Mattingly v. Allen*, 994 S.W.2d 4, 8 (Ky. Ct. App. 1998) (quoting *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)). For these

reasons, Triem's claim for breach of fiduciary duty against UGC NA (Count III) is **dismissed**.[2]

Triem's Complaint also fails to state a claim for breach of contract. (Count VI). Triem's breach of contract allegation is limited to one paragraph in the Complaint: "Defendants signed contracts not in line with the agreements out of the Operational Agreement. In addition, they started liquidating, dissolving, and winding-up [Greanex] without involving it's [sic] JV partner as defined in the Operational Agreement." (Doc. # 1 ¶ 63). The Complaint does not explain anything about the operating agreement it refers to, including who it binds, when it was signed, and what its terms are. Without this additional factual context, it is not apparent how Uniper violated the operating agreement and whether Triem was even a signatory to the agreement. In short, Triem's allegations amount to nothing more than "Defendants breached the contract," which the Sixth Circuit has held is insufficient to withstand a motion to dismiss. *Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 465 (6th Cir. 2013). Accordingly, Triem's breach of contract claim against UGC NA is **dismissed**.

Because dismissal of all claims against UGC NA is warranted, UGC NA's Motion to Dismiss is **granted**.

### B.   Triem's Motion for Default Judgment

Triem's Motion for Default Judgment against UGC SE will be denied because UGC SE has not been properly served. The parties do not appear to dispute that UGC SE is a German corporation with its principal place of business in Germany. (Doc. # 32 at 2).

---

[2]   Triem also brings a claim for aiding and abetting breaches of fiduciary duty (Count IV) against the individual corporate officer defendants. (*See* Doc. # 1 ¶¶ 57-59). Because Triem has voluntarily dismissed these Defendants, (Doc. # 26), this claim is also **dismissed**.

6

Triem has attempted to serve UGC SE by leaving a copy of the summons with its counsel, Wyatt Tarrant & Combs, in Kentucky.  (Doc. # 31-1).  Unfortunately for Triem, this attempt at service does not comport with the any of the approved methods in Federal Rule of Civil Procedure 4.  A foreign corporation may be served within the United States in one of two ways, each of which is functionally identical under the present circumstances.  First, service can occur "in the manner prescribed by Rule 4(e)(1) for serving an individual," Fed. R. Civ. P. 4(h)(1)(A), which includes service effectuated in accordance with state law, Fed. R. Civ. P. 4(e)(1).  Under Kentucky law, a corporation can be served through "an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf."  Ky. R. Civ. P. 4.04(5).  The second method for achieving service is by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1)(B).  Thus, to effectuate service under either method outlined in Rule 4(h), Triem would have to provide a copy of the summons and complaint to an agent of UGC SE who was "authorized" to receive service on UGC SE's behalf.

There is no indication in the record that UGC SE gave its attorney authority to accept service on its behalf.  Such authority may be conferred either expressly or by implication, but "[n]either form of authority [ ] is automatically conferred upon the attorney solely through the existence of an attorney-client relationship."  *Khurana v. Strategic Distrib., Inc.*, No. 07-5188, 2008 WL 5191816, at *2 (E.D. Pa. Dec. 10, 2008).  Indeed,

7

"[e]ven where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service." *United Prod. Sols., Ltd. v. Tara Toy Corp.*, No. 5:10-cv-1718, 2011 WL 3566849, at *4 (N.D. Ohio Aug. 12, 2011) (quoting *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed.Cir.1997)).  At most, Triem has shown that UGC SE retained Wyatt Tarrant & Combs for defense in the pending litigation.  As the above authorities demonstrate, this does not suffice to create an agency relationship for purposes of accepting service.  *See id.* (collecting cases).

Because UGC SE has not been properly served under Rule 4, default judgment would be improper.  *See, e.g.*, *Soares v. Boyd*, No. 7:17-cv-150, 2019 WL 1119353, at *3-4 (E.D. Ky. Mar. 11, 2019); *TKT-Nectir Global Staffing, LLC v. Managed Staffing, Inc.*, No. 3:18-cv-099, 2018 WL 5636163, at *2 (W.D. Ky. Oct. 31, 2018).  Accordingly, Triem's Motion for Default Judgment (Doc. # 31) is **denied**.  Furthermore, because more than ninety (90) days has elapsed since the Complaint was filed on May 28, 2020, Triem will be given twenty-one (21) days to effect proper service, after which his claims against UGV SE will be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

### III.     CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  Defendant Uniper Global Commodities North America, LLC's Motion to Dismiss (Doc. # 14) is hereby **granted**. The claims brought by Plaintiff Triem against Defendant UGC NA are hereby **dismissed with prejudice**;

(2)  The claims brought by Plaintiffs Sotaco LLC and Sotaco Inc. against Plaintiff UGC NA are hereby **dismissed without prejudice** for failure to appear with counsel;

(3)  Plaintiffs Sotaco LLC's and Sotaco Inc's Motions to Withdraw Claims (Docs. # 21 and 22) are hereby **denied as moot**;

(4)  Plaintiff Triem's Motion for Default Judgment (Doc. # 31) is hereby **denied**; and

(5)  Plaintiff Triem shall have **twenty-one (21) days** from the date of entry of this Order to effect proper service upon UGC SE. Failure to do so will result in dismissal of Triem's claims against UGC SE pursuant to Federal Rule of Civil Procedure 4(m).

This 17th day of August, 2021.

Signed By:
*David L. Bunning*   DB
United States District Judge

9